Meng Luan ZHAO, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, The United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, The Department of Homeland Security, Respondents.

No. 05–3880–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Douglas B. Payne, New York, NY, for Petitioners.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Bertram A. Isaacs, Assistant United States Attorney, Houston, TX, for Respondent.

Present: ROGER J. MINER, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Meng Luan Zhao, a native and citizen of the People's Republic of China, seeks review of a July 8, 2005 order of the BIA affirming the February 25, 2004 decision of Immigration Judge ("IJ") Philip L. Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meng Luan Zhao,* No. A96 235 098 (B.I.A. July 8, 2005), *aff'g* No. A96 235 098 (Immig. Ct. N.Y. City Feb. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision, we review the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003. 1(d)(3)(i), (iv). *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293, 296 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it confidently could be predicted that the IJ would adhere to the decision were the case remanded).

The IJ reasonably found two elements of Zhao's claim implausible: (1) that he would risk bringing flyers denouncing the Chinese government for its persecution of Falun Gong practitioners back from Thailand to China and distribute them in his village, when he had no personal affiliation with Falun Gong; and (2) that after the police ransacked his house and confiscated his flyers, they missed one, which his parents did not discover and send to him until after his merits hearing was rescheduled, to allow him to submit additional corroboration. While we recognize that there is "no way to apply precise calipers" to evaluate whether an IJ's finding of implausibility is reasonable, we do not find that the IJ crossed the line into speculation here. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 145–46 (2d Cir.2006). It was also appropriate for the IJ to take into consideration the transcript of Zhao's initial interview at the border, which indicates that he stated he would not be harmed in China and did not have fears about returning. Although Zhao denied making those statements at his hearing, he admitted that all his other responses were recorded accurately, and there is no indication in the record that the transcript was

**54**

unreliable or that the interview was coercive. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Given the IJ's concerns about Zhao's testimony, it was not unreasonable to expect additional corroboration, and Zhao's testimony, moreover, suggested that, at minimum, hospital records confirming his father's beating were reasonably available to him. *See Zhou Yun Zhang,* 386 F.3d at 78. Zhao offered no such corroboration. While Zhao correctly points out in his brief that his merits hearing was scheduled with unusual speed, we do not find that he has demonstrated any prejudice as a result, nor does the record reflect that he requested time to submit additional documents.

Because the adverse credibility finding is sustainable based on the IJ's findings, which the BIA adopted and affirmed, we need not reach the question of whether the BIA exceeded the scope of its authority under 8 C.F.R. § 1003. 1(d)(3)(i), (iv) in identifying additional factual bases for this conclusion. We further note that neither party has addressed this issue in their briefs, and accordingly, we deem it waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). The agency's denial of asylum and withholding is upheld, and because Zhao has not challenged the IJ's denial of CAT relief in his brief, that claim is deemed waived. *Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).